IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40650
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

KARL LEVIRT CARTER,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont
(1:95-CR-156-1)
_____

June 5, 1997

Before KING, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Karl Levirt Carter argues that the district court erred in allowing the jurors to take into the jury room during deliberations a transcript of a tape recording of a conversation between Carter and his co-defendant, Albert Lynn Stratton, that took place in the back seat of a police car when the tape had not been played before the jury in open court.  We review the district court's action in this respect for plain error in view

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

of the fact that Carter's counsel did not object to the jury's request for the transcript.  The district court's decision to send the transcript into the jury room does not amount to plain error.  Carter also challenges the district court's denial of his motion to suppress the tape recording of the conversation between Carter and Stratton.  We agree with the other circuits that have considered the issue that a person in the back seat of a police vehicle has no reasonable expectation of privacy.  See United States v. McKinnon, 985 F.2d 525 (11th Cir.), cert. denied, 510 U.S. 843 (1993), and United States v. Clark, 22 F.3d 799 (8th Cir. 1994).

Carter's conviction and sentence are AFFIRMED.